IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDECK BOILER CORPORATION,
a Nova Scotia corporation,       Civil Action No. 03-925

       Plaintiff,

    v.                              Magistrate Judge Caiazza

INTERNATIONAL BOILER, INC., a
Florida corporation, JEFFREY A.
BEALS, individually, and GEORGE
E. MARKER & SONS, INC., a
Pennsylvania corporation,

       Defendants.      ORDER

**IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

Greetings to: the Superior Court of Quebec and to the Superior Court of Ontario

From:  Chief Magistrate Judge Francis X. Caiazza of the United States District Court for the Western District of Pennsylvania

The United States District Court for the Western District of Pennsylvania, in Pittsburgh, Pennsylvania, requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter.

**A.   DESCRIPTION OF CIVIL PROCEEDING**

The above captioned civil proceeding is brought under Pennsylvania state laws on trade secret misappropriation and misuse, unfair competition and trademark dilution, and under U.S. trademark and unfair competition laws, 15 U.S.C. §§ 1114(1)(a) and 1125(a),

Indeck v. Intl Boiler, et al.
No. CA 03-925

(c) and (d), and copyright laws, 17 U.S.C. § 101, *et seq*. Plaintiff seeks, among other things, to enjoin Defendants' misuse of Plaintiff's trade secrets, unfair competition, deceptive business practices, and infringement of plaintiff's intellectual property rights in certain trademarks and copyrights. Plaintiff acquired the intellectual property at issue on June 26, 2002, when it acquired all of the assets of the then bankrupt Volcano Technologies, Inc., including the intellectual property rights and associated goodwill related to the former International Boiler Works Co. (The "IBW Co.") and its product line. Specifically, Plaintiff's acquisition included trade secrets, trademarks, trade names, and copyrights related to the IBW product line. The trade secrets include, among others, (a) the detailed engineering design drawings that are used to manufacture the International-LaMont high temperature water generators and thermal liquid heaters (the "International-LaMont Systems") at issue in this case, and (b) the data contained in the computer program that is integral to the design and production fo the International-LaMont systems to a customer's specifications, as well as to the provision of performance guarantees to customers. The Court has made no determination of the validity of the allegations at this state of the proceedings.

Indeck v. Intl Boiler, et al.
No. CA 03-925

The Defendants include: International Boiler, Inc., Jeffrey A. Beals, and George E. Marker & Sons, Inc.

The Defendants are presenting evidence as to defenses. (1) Plaintiff's acquisition of the intellectual property Plaintiff claims it acquired on June 26, 2002 was from a bankruptcy sale purchased without warranty of title, where is, as is. (2) At least two of Plaintiff's predecessors in title, Volcano International, Inc. and Volcano Technologies, Inc., and perhaps a third, Thermogenics, Inc., acquiesced in Defendant's use of the intellectual property at issue beginning about 1994, up to 1997 and thereafter. In particular, Plaintiff's predecessors had both actual knowledge of the competition of the Defendants utilizing the intellectual property at issue in 1994 and 1995, they engaged Attorney Stephen L. Bluestone who pleaded the competition of the Defendant, International Boiler, Inc. as an illegal competition in litigation amongst Volcano International, Inc., International Boiler, Inc., Jeffrey A. Beals, and others, and who demanded a cessation of the competition. (3) There was consent to the Defendant, George E. Marker & Sons, Inc., utilizing the alleged intellectual property Plaintiff claims as its own inasmuch as Defendant, George E. Marker & Sons, Inc., received all of the sets of detailed drawings for all LaMont-type boilers designed and

Indeck v. Intl Boiler, et al.
No. CA 03-925

manufactured by The International Boiler Works Company, either on its own or as a division of Volcano International, Inc., from 1959 to 1990. (4) Evidence of the foregoing defenses has been lost through the death of witnesses and the destruction of documents in the regular course of business.

**B.        DESCRIPTION OF THE EVIDENCE REQUESTED**

The Court requests the assistance described herein as necessary in the interest of justice. Judicial assistance is requested to compel the appearance of the below-named individuals to provide evidence:

>   (1) Robert Audet
>       Thermodesign, Inc.
>       444 Comtois
>       Otterburn Park, Quebec
>       Canada J3H 3Z7
>
>   (2) Rejean Gauthier
>       Thermodesign, Inc.
>       444 Comtois
>       Otterburn Park, Quebec
>       Canada J3H 3Z7
>
>   (3) David John Cross
>       2585 17th Sdrd
>       Aurora, ON L4G 1A1

Messers. Audet and Gauthier are former employees of the Plaintiff's predecessors, Volcano Technologies, Inc. and Volcano International, Inc. (collectively, the "Volcano Entities"). In particular, Mr. Audet worked for the Volcano Entities in the

Indeck v. Intl Boiler, et al.
No. CA 03-925

engineering department, and it is believed that he worked regularly with the trade secrets at issue in this proceeding. For example, Mr. Audet utilized the computer program containing Plaintiff's trade secret data to provide anticipated performance data sheets to the Volcano Entities' customers of the International-LaMont Systems.

Mr. Gauthier also worked in the Volcano Entities' engineering department, as well as for their predecessor, Volcano Energy Systems Inc., as Vice President of Engineering Service at least as early as 1990. It is therefore believed that Mr. Gauthier was also involved with the trade secrets at issue in this proceeding. For example, Mr. Gauthier has been identified by one of the defendants in this case as having knowledge of the transfer of certain of the of the intellectual property at issue to him while he was at Volcano from the IBW Co.'s offices in East Stroudsburg, Pennsylvania and Miami Lakes, Florida. Mr. Gauthier was also involved in communications with Mr. Beals regarding the computer program containing Plaintiff's trade secret data when Defendant Beals was employed by the IBW Co., as well as after Beals left the IBW Co. And while he was at his competing company, Defendant International Boiler, Inc.

Indeck v. Intl Boiler, et al.
No. CA 03-925

David John Cross was the president of Thermogenics, Inc. and the chief executive officer of Volcano Technologies, Inc. about September of 1996 (see Marker Exhibit 00392 attached hereto). About that time, Thermogenics, Inc. acquired the operating assets of Volcano International, Inc. including the LaMont-line of the International Boiler Works Company boilers and became the chief executive officer of Volcano Technologies, Inc. Mr. Cross is expected to testify that Guy LaPointe transferred his employment from Volcano International, Inc. to Thermogenics, Inc. to become the vice president of sales for Quebec and Eastern Canada and Mr. LaPointe was to have supported the marketing of LaMont-type boilers throughout North America. (Mr. LaPointe was identified by Attorney Bluestone as his primary contact in a litigation on behalf of Volcano Technologies, Inc. against a third party for the recovery and protection of alleged trade secrets.) Mr. Cross will be able to verify the death of Guy LaPointe and identify other potential substitute witnesses. Additionally, Mr. Cross is expected to acknowledge conversing with Attorney Bluestone and receiving an October 7, 1997 letter from Attorney Stephen L. Bluestone (see Marker Exhibit 00366 attached hereto) making inquiry about "Jeff Beals, IBW, and related issues", which Marker believes are inclusive of the issues of competition and use of trade secrets at issue in

Indeck v. Intl Boiler, et al.
No. CA 03-925

this case. Mr. Cross is anticipated to testify that no litigation was authorized against Mr. Beals, International Boiler, Inc., or those associated with them in selling and manufacturing LaMont-type boilers.

This Court requests the assistance of the Superior Court of Quebec in causing Robert Audet and Rejean Gauthier to give oral depositions under oath, to be taken before a court reporter who can transcribe verbatim the questions and answers. This Court requests the U.S. Plaintiff's and Defendants' counsel be permitted to undertake the questioning and that questioning may occur telephonically by any party who desires not to physically attend. This Court requests that the depositions be taken at a mutually convenient location in Quebec, and that each deposition not exceed 3 hours of questioning by Plaintiff or a like amount of time by Defendants.

This Court requests the assistance of the Superior Court of Ontario in causing David John Cross to give oral depositions under oath, to be taken before a court reporter who can transcribe verbatim the questions and answers. This Court requests the U.S. Defendants' counsel and Plaintiff's counsel be permitted to undertake the questioning and that questioning may occur telephonically by any party who desires not to physically attend.

Indeck v. Intl Boiler, et al.
No. CA 03-925

This Court requests that the depositions be taken at a mutually convenient location in Ontario, and that the deposition not exceed 2 hours of questioning by Defendants and 2 hours of questioning by Plaintiff.

Plaintiff has satisfied this Court that it made a good-faith effort to receive the above evidence informally from Messrs. Audet and Gauthier, and Defendant George E. Marker & Sons, Inc. has satisfied this Court that it made a good-faith effort to receive the above evidence informally from and without need for Court intervention. Plaintiff sent a request by electronic mail to counsel for Messrs. Audet and Gauthier on June 6, 2005, and requested counsel respond by June 8, 2005, as to whether or not Messrs. Audet and Gauthier would voluntarily give depositions in this matter. Counsel for Messrs. Audet and Gauthier did not respond to the e-mail by that date. Plaintiff's Canadian counsel and counsel for Messrs. Audet and Gauthier subsequently engaged in telephone discussions regarding Plaintiff's requests for Messrs. Audet and Gauthier's depositions. Counsel for Messrs. Audet and Gauthier originally suggested that at least Mr. Gauthier might be willing to appear voluntarily and then, on June 22, 2005, counsel for Messrs. Audet and Gauthier affirmatively advised that Messrs. Audet and Gauthier would not voluntarily give their depositions.

Indeck v. Intl Boiler, et al.
No. CA 03-925

C. **CONFIDENTIALITY**

This Court has entered a Stipulated Protective Order, which permits Messrs. Audet, Gauthier and Cross (or any non-party) to elect to become a party to the terms of that Order for the purpose of protecting confidential information by serving a notice of their election on counsel for each party and Defendant Jeffrey A. Beals. After service of such a notice of election, the Stipulated Protective Order will be binding on and inure to the benefit of Messrs. Audet, Gauthier and Cross and they may designate testimonial evidence they provide as confidential. If so designated, it will be restricted from public dissemination pursuant to the terms of the Stipulated Protective Order.

D. **COMPLIANCE WITH RULES FOR REQUESTS FOR ASSISTANCE**

The United States Department of State has summarized the factors that should be met in requesting judicial assistance in Canadian Courts as follows:

> (1) The letters constitute a formal request from a court in the United States to a Canadian court; (2) The discovery does not violate the laws of civil procedure of the Canadian court; (3) The American court has the power under its enabling statutes and rules to direct the taking of evidence abroad; (4) The American court is a court of law or equity, not an administrative tribunal, before which the matter is pending; (5) The witnesses from whom the American court desires testimony reside within the Canadian court's jurisdiction; (6) The order sought is needed in the

Indeck v. Intl Boiler, et al.
No. CA 03-925

interest of justice; (7) The U.S. court will use the evidence at trial and not for the purpose of pre-trial discovery; (8) Compliance with the Order will not place the witness in the position of having to commit an offense; (9) The documents in support of such application are under the seal of the issuing court or judge; (10) The witness is not required to undergo a broader form of inquiry than he would if the litigation were conducted locally, and (11) The evidence cannot be secured except by the intervention of the Canadian courts.

This Court has determined that each of these factors has been satisfied by Plaintiff and Defendant, George E. Marker & Sons, Inc. Pursuant to principles of international comity, and in the interest of justice, this letter of request is being issued.

Dated: July 13, 2005

BY THE COURT:

_Francis X. Caiazza_
Chief Magistrate Judge Francis X. Caiazza
United States District Court for the
Western District of Pennsylvania