IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK BOILER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03-925 |
| | ) | |
| v. | ) | Magistrate Judge Caiazza |
| | ) | |
| INTERNATIONAL BOILER, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The Plaintiff's Motion to Strike (Doc. 148) will be granted as described below.

Counsel for International Boiler, Inc. ("IBI") filed its Motion for Summary Judgment (Doc. 141) on February 17, 2006. Neither a concise statement of facts nor a supporting brief were filed contemporaneously therewith.

Four days later, counsel submitted a Motion to Seal IBI's summary judgment papers. *See* Doc. 146. The court granted the Motion, signing IBI's proposed order. *See* Doc. 147. The problem, however, is that the aforementioned supporting materials never have been electronically filed.

Once IBI was granted leave to file under seal, it was incumbent upon counsel to ensure that the documents indeed were so filed. A single telephone call from the undersigned's chambers has confirmed that counsel should have brought the materials to the Clerk's Office for sealed filing once leave was granted.

Even assuming IBI took this action, it remained counsel's responsibility to ensure that the materials appropriately were filed.

As a consequence, the Plaintiff's Motion to Strike challenges the sufficiency of documents not even within the court's possession. And while the undersigned recognizes that electronic filing is new to the bar and bench, in this context the buck must stop with the party seeking the protections of the sealed filing mechanism.

Turning to the merits of the Plaintiff's Motion to Strike, IBI counsel's submissions regarding individual Defendant Jeffrey Beals provide the only available indications regarding the sufficiency of the Defendants' summary judgment papers.[1] The court agrees with Plaintiff's counsel that the filings are deficient. *See, e.g.*, Mr. Beals' Brief & Statements of Fact (both attached to Doc. 142) (offering no evidentiary support for factual averments and only conclusory legal arguments).

For all of these reasons, the Plaintiff's Motion to Strike (**Doc. 148**) is **GRANTED,** IBI and Mr. Beals' current summary judgment filings (**Docs. 141 & 142**) hereby are **STRICKEN,** and these Defendants shall refile them on or before **March 24, 2006.**

---

[1] Mr. Beals purportedly proceeds without the benefit of legal representation. The similarities between his papers and IBI's, however, make apparent that he is receiving assistance. *See* Def. Beals' Mot. for Summ. J. (Doc. 142) at 2 (containing signature lines of both Mr. Beals and counsel for IBI).

IBI is hereby GRANTED leave to file its supporting materials under seal, and counsel is directed to work with the Clerk's Office to ensure that the sealed materials properly are filed.

In renewing their motions for summary judgment, the Defendants shall comply with all provisions of Local Rule 56 and this Order. Their failure to do so may result in the summary denial of their Motions without consideration of the merits; any non-compliance will be construed against the Defendants as appropriate; and no further opportunity to bring the submissions into compliance will be afforded.

The Plaintiff shall have until **April 24, 2006** to respond to the renewed motions for summary judgment.

Finally, the deadline for the parties' pretrial statements (*see* Doc. 108) is hereby VACATED.

IT IS SO ORDERED.

March 9, 2006

cc (via email):

Joseph L. Fogel, Esq.
Michele L. Foster, Esq.
Mark S. Frank, Esq.
Daniel W. Ernsberger, Esq.
John M. Silvestri, Esq.

(via U.S. Mail):

Jeffrey A. Beals
5131 N.E. 26th Avenue
Fort Lauderdale, FL  33308

Francis X. Caiazza
U.S. Magistrate Judge