IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDECK BOILER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03-925 |
| | ) | |
| v. | ) | Magistrate Judge Caiazza |
| | ) | |
| INTERNATIONAL BOILER, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The Defendant Jeffrey A. Beals' Motion for Summary Judgment (Doc. 165) will be denied.

As Plaintiff's counsel aptly explains, Mr. Beals may be liable under the "participation theory" of tort liability. *See* Donsco, Inc. v. Casper Corp., 587 F.2d 602, (3d Cir. 1978) (applying same standard to both common law and trademark claims). "This liability is distinct from [that] resulting [in a] piercing of the corporate veil," as contemplated in the Defendant's Motion. *See id.* Even assuming the piercing of the corporate veil standard applies, which it does not, material disputes of fact would preclude summary judgment regarding whether IBI acted as Mr. Beals' alter-ego.

As to the Defendant's reliance on "advice of counsel," Mr. Beals' current counsel has failed to identify legal authority demonstrating entitlement to summary judgment. The only case cited, Al-Site Corp. v. VSI Int'l, Inc., 174 F.3d 1308

(Fed. Cir. 1999), is distinguishable on its facts.  *See id.* at 1331 (interpreting federal patent law, and concluding that officer's singular act, taken in good faith reliance on advice of counsel, did not justify piercing corporate veil).  Even assuming other supportive precedent may exist, the Defendant simply has not carried his burden.  *See* Auto Owners Ins. Co. v. LA Oasis, Inc., 2005 WL 1313684, *14 (N.D. Ind. May 26, 2005) ("[C]ourts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments the parties themselves do not adequately support"); Africa v. Digulielmo, 2004 WL 2360419, *31 (E.D. Pa. Oct. 20, 2004) ("[A] court will not conduct legal research on behalf of [a party] in order to determine whether there is . . . precedent to support [its] claim[s].  [C]ounsel ha[s the] duty to perform that research in the first instance."); *see also* Def.'s Opp'n Br. (Doc. 176) at 6-7 (identifying material disputes of fact regarding only purported evidence of Mr. Beals' reliance on advice of counsel).

For these reasons, the Defendant's Motion for Summary Judgment (Doc. 165) is DENIED.

IT IS SO ORDERED.

August 23, 2006

Francis X. Caiazza
U.S. Magistrate Judge

```
cc (via email):

Joseph L. Fogel, Esq.
Michele L. Foster, Esq.
Mark S. Frank, Esq.
John M. Silvestri, Esq.
Daniel W. Ernsberger, Esq.
```